Filed 6/1/26  P. v. Zavala-Garcia CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRAYAN ANGEL ZAVALA-GARCIA,

    Defendant and Appellant.

A173437

(Contra Costa County
Super. Ct. No. 05-00182409-3)

Defendant Brayan Angel Zavala-Garcia appeals from the trial court's postjudgment order denying his petition to be resentenced under Penal Code section 1172.6 (all further undesignated statutory references are to the Penal Code).  His appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requested that we conduct an independent review of the record.  Counsel informed defendant of his right to file a supplemental brief, and defendant timely filed one.  Having examined the entire record and defendant's supplemental brief, we conclude there are no issues that require further briefing and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Contra Costa County District Attorney charged defendant by information with felony murder (§ 187, subd. (a); count 1), along with an enhancement for personal and intentional discharge of a firearm causing

great bodily injury and death (§ 12022.53, subd. (d)).  Apart from statements that defendant was the sole shooter in the incident, the facts underlying the murder are not included in the record on appeal.

In September 2019, defendant pled guilty to a charge of voluntary manslaughter (§ 192, subd. (a)) with a personal use of a firearm enhancement (§ 12022.5, subd. (a)).  Defendant was sentenced to an upper term of 11 years for the voluntary manslaughter charge, which was designated a violent felony, and an additional four years on the firearm enhancement.

In 2023, defendant filed a petition seeking to vacate his voluntary manslaughter conviction and for resentencing under former section 1170.95, renumbered section 1172.6.[1]  Defendant asserted he was entitled to resentencing because he pled guilty to manslaughter based on a felony murder charge and could not presently be convicted of murder due to Penal Code changes.

The trial court denied the petition, finding that had defendant gone to trial, he would have been prosecuted as to the law effective on January 1, 2019.  The court noted defendant was represented by "an excellent attorney," who likely negotiated a "better result . . . with full knowledge of what the law in effect at the time of the plea was."  The court further emphasized the law "had already been changed" by the time of defendant's plea.

Defendant now appeals from the denial of his petition for resentencing.  His appointed appellate counsel filed a brief under *Delgadillo, supra,* 14 Cal.5th 216, which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal.

---

[1] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

Under that framework, defendant received notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *Delgadillo*, at pp. 231–232.)

Defendant filed a letter brief claiming that Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) and Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) justify any applicable "amendatory act" because his case is "not final" and thus subject to any applicable modifications under those bills.

<strong>DISCUSSION</strong>

Defendant's brief alleges he should benefit from any changes implemented under Senate Bills 567 and 620. We disagree.

Senate Bill 620, which took effect January 1, 2018, amended sections 12022.5 and 12022.53 to allow a trial court, "in its discretion," to strike firearm enhancements "in the interests of justice." (*People v. Phung* (2018) 25 Cal.App.5th 741, 762–763.) To prevail on his claim that Senate Bill 620 requires resentencing, defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) But nothing in the record indicates the trial court was unaware of its authority to exercise discretion under Senate Bill 620. Senate Bill 620 took effect almost two years before defendant entered his plea and was sentenced. "A court is 'presumed to have been aware of and followed the applicable law' when imposing a sentence." (*People v. Reyes* (2016) 246 Cal.App.4th 62, 82; see *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 ["in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion."].) Defendant has not

demonstrated either his counsel, when negotiating the plea, or the court when imposing his sentence, was unaware of Senate Bill 620. (See, e.g., *People v. Reyes* (2023) 97 Cal.App.5th 292, 298 ["Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437."].) Where, as here, "the record is silent, . . . the defendant has failed to sustain his burden of proving error, and we affirm." (*People v. Lee* (2017) 16 Cal.App.5th 861, 867.)

Likewise, defendant's claim regarding Senate Bill 567 fails, albeit for different reasons. At the time defendant was sentenced, section 1170, subdivision (b), gave the trial courts broad discretion to decide which of the three terms specified for an offense would best serve the interests of justice. (See § 1170, former subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b) to, among other things, require imposing the middle term of imprisonment as the presumptive sentence. (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) Under the amended statute, "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).)

Recently, the California Supreme Court resolved a split between appellate courts regarding whether a stipulated sentence is dispositive of a defendant's claim for relief under Senate Bill 567. In *People v. Mitchell* (May 18, 2026, S277314) ___Cal.5th ___ [2026 WL 1379379], the court explained

4

that "a plea bargain that includes a stipulated upper term sentence absolves the trial court of its duty to determine that the sentence is justified" only if "the defendant, in entering the plea bargain, validly waives section 1170[, subdivision ](b)'s requirements." (*Id.* at p. __ [2026 WL 1379379 at p. *7].) Because Mitchell had not provided a valid waiver, the court found that she was "entitled to the retroactive benefit of section 1170[, subdivision ](b)'s provisions notwithstanding her agreement to a specified term as part of a plea bargain." (*Ibid.*) Accordingly, the fact that defendant entered into a plea bargain containing a stipulated upper term does not bar him from seeking the retroactive benefit of Senate Bill 567.

However, *Mitchell* also reaffirmed the principle that Senate Bill 567 only applies retroactively to cases not final on appeal. (*People v. Mitchell*, *supra*, ___Cal.5th___ [2026 WL 1379379 at p. *4].) While defendant claims his case is not final, he fails to cite any evidence in the record indicating that he challenged his plea or sentence in 2019 and that appeal remains pending. (See *People v. Esquivel* (2021) 11 Cal.5th 671, 680 [case "not final while direct review of the order imposing sentence remains ongoing."]; *People v. Lopez* (2025) 17 Cal.5th 388, 395 [" '[A] judgment becomes final " 'where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed.' " ' "].) Rather, the only appeal reflected in the record is the current one, which involves an appeal from his section 1172.6 petition. We are unaware of any authority that would allow defendant to utilize a section 1172.6 petition to reconstitute his ability to challenge his sentence under other statutes or bills. Because defendant's sentence is final, he cannot seek the ameliorative benefit of Senate Bill 567.

5

Finally, having exercised our discretion to perform an independent review of the record, we do not perceive any other arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


PETROU, J.


WE CONCUR:


FUJISAKI, Acting P. J.

RODRÍGUEZ, J.


A173437 / *People v. Zavala-Garcia*